**Sergio Rodriguez LOPEZ, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–01–255–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 28, 2002.

Carlos Gomez, Fort Worth, Dean M. Swanda, Arlingon, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Danielle A. LeGault, Mark Thielman, Asst. Dist. Attys., Fort Worth, for State.

Panel F: CAYCE, C.J.; GARDNER and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### INTRODUCTION

Appellant Sergio Rodriguez Lopez entered an open plea of guilty to aggravated sexual assault of A.H., a child younger than fourteen years of age. After a bench trial, the trial court found him guilty and assessed his punishment at twenty years' imprisonment. This appeal followed.

In two issues, appellant contends that (1) the bench trial was improper because the trial court failed to comply with the requisites of article 1.13(a) of the code of criminal procedure concerning waiver of trial by a jury, and (2) the trial court reversibly erred by failing to admonish him pursuant to article 26.13(a)(5) of the code of criminal procedure regarding the sex offender registration requirement. We affirm.

### WAIVER OF RIGHT TO JURY TRIAL

Article 1.13(a) of the Texas Code of Criminal Procedure provides that a criminal defendant may waive the right of trial by jury, upon entering a plea, but requires that the waiver be made in person by the defendant in writing in open court with the consent and approval of the court and the approval of the attorney representing the State. TEX.CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon Supp.2002). The provision further provides that the trial court's consent and approval of the waiver must be entered of record on the minutes of the court and that the approval of the State's attorney must be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. *Id.*

The judgment in the instant case recites that appellant agreed in writing in open court to waive a jury trial. The record before us, however, does not contain a written jury trial waiver. It is undisputed that a written waiver was not obtained. Although the trial court and the State apparently acquiesced to appellant's waiver of a jury trial, the record does not reflect the trial court's express consent and does not contain any written approval by the State's attorney. By failing to observe the mandatory requirements of article 1.13, we conclude the trial court erred. *See Garza v. State,* 61 S.W.3d 585, 587 (Tex.App.-San Antonio 2001, no pet.); *Whitmire v. State,* 33 S.W.3d 330, 332–33 (Tex.App.-Eastland 2000, no pet.); *Love-*

*less v. State*, 21 S.W.3d 582, 584 (Tex.App.-Dallas 2000, pet. filed); *Trahan v. State*, 991 S.W.2d 936, 939–40 (Tex.App.-Houston [1st Dist.] 1999, pet. filed); *Johnson v. State*, 984 S.W.2d 736, 737 (Tex.App.-Waco 1998, pet. granted).

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment. TEX.R.APP. P. 44.2. If the error is constitutional, we apply rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the error did not contribute to appellant's conviction or punishment. TEX. R.APP. P. 44.2(a). Otherwise, we apply rule 44.2(b) and disregard the error if it does not affect the appellant's substantial rights. TEX.R.APP. P. 44.2(b); *see Mosley v. State*, 983 S.W.2d 249, 259 (Tex.Crim. App.1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999); *Coggeshall v. State*, 961 S.W.2d 639, 642–43 (Tex.App.-Fort Worth 1998, pet. ref'd) (en banc).

Appellant argues that the trial court's failure to meet the requirements of article 1.13 constitutes "structural" error and that no harm analysis is required when reviewing this type of error. *See Meek v. State*, 851 S.W.2d 868, 870–71 (Tex.Crim.App. 1993). In the alternative, he argues the error is "constitutional in nature" and, thus, requires us to apply a rule 44.2(a) harm analysis. *See* TEX.R.APP. P. 44.2(a).

■ The court of criminal appeals, however, has held that a violation of the mandatory terms of article 1.13(a) is not "jurisdictional," "constitutional" or "fundamental" error. *Ex parte McCain*, 67 S.W.3d 204, 209–10 (Tex.Crim.App.2002) (holding that violations of mandatory provisions of article 1.13 are not jurisdictional, constitutional, or fundamental so that no violation of article 1.13 will invoke habeas relief). In light of *McCain*, we cannot agree with appellant's contention that

the trial court's error in this case is "structural" or "constitutional."

■ Additionally, six of our sister courts of appeals have concluded that a trial court's failure to procure a written jury waiver is nonconstitutional error. *See Garza*, 61 S.W.3d at 587–88; *Whitmire*, 33 S.W.3d at 332–34; *Loveless*, 21 S.W.3d at 584–85; *Trahan*, 991 S.W.2d at 940–41; *Salinas v. State*, 987 S.W.2d 922, 923 (Tex. App.-Corpus Christi 1999, no pet.); *Johnson*, 984 S.W.2d at 737–38; *see also Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex. Crim.App.1993) (holding the written waiver requirement under article 1.13 is a "procedural [rule] designed to safeguard constitutional rights"). We likewise hold that a trial court's failure to adhere to the requirements of article 1.13(a) is nonconstitutional error subject to a rule 44.2(b) harm analysis.

■ Under rule 44.2(b), we must disregard a nonconstitutional error if it does not affect an appellant's substantial rights. TEX.R.APP. P. 44.2(b). A substantial right is affected where the error caused a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). Five of the courts of appeals that have addressed the application of rule 44.2(b) to article 1.13(a) error have reasoned that the definition under *King* does not apply, or was too awkward to apply, in the context of a bench trial, and instead looked to the federal system for guidance in the appropriate harm analysis. *See Garza*, 61 S.W.3d at 587–88; *Whitmire*, 33 S.W.3d at 332–34; *Loveless*, 21 S.W.3d at 584–85; *Trahan*, 991 S.W.2d at 940–41; *Johnson*, 984 S.W.2d at 737–38.

■ The federal requirement for jury trial waiver is virtually identical to article 1.13(a). *Compare* FED.R.CRIM.P. 23 *with* TEX.CODE CRIM. PROC. ANN. art. 1.13(a).

The state appellate courts adopted the federal jury waiver harm analysis providing that if the record contains no written jury waiver, then a defendant's substantial rights were affected unless the record clearly reflects that the defendant personally gave express consent in open court, intelligently and knowingly. *See Garza*, 61 S.W.3d at 589; *Whitmire*, 33 S.W.3d at 333–34; *Loveless*, 21 S.W.3d at 585; *Trahan*, 991 S.W.2d at 941; *Johnson*, 984 S.W.2d at 738. We, like the *Garza, Whitmire, Loveless, Trahan*, and *Johnson* appellate courts, adopt this standard as the appropriate harm analysis when the trial court fails to observe the mandatory jury waiver requirements of article 1.13(a).

■ The record in this case shows that both appellant's trial counsel and the trial court explained appellant's right to a jury trial to him, and the State did not object to proceeding with a trial before the court. It also shows that appellant knew of his right to a jury trial, and that he chose to relinquish that right. He responded affirmatively that he desired to waive a trial by jury and submit his case to the court, even though he was informed that a jury was waiting in the hall outside the courtroom. When asked if he wanted to change his mind, he responded that he did not. There is nothing to indicate his oral waiver was not voluntarily and knowingly made. Appellant knew he had the right to a jury trial and expressly, knowingly, and voluntarily relinquished that right in open court on the record. Thus, we conclude appellant's substantial rights were not affected by the trial court's failure to adhere to article 1.13's requirements concerning waiver of a jury. We overrule appellant's first issue.

### FAILURE TO ADMONISH

■ In his second issue, appellant contends the trial court erred by failing to give him the admonishment required by article 26.13(a)(5) regarding registration as a sex offender. TEX.CODE CRIM. PROC. ANN. arts. 26.13(a)(5), 62.02 (Vernon Supp.2002). Pursuant to article 26.13(a) of the code of criminal procedure, before accepting a guilty plea, the trial court must admonish the defendant, orally or in writing, of the range of punishment, the possibility of deportation, and the fact that the defendant will be required to register as a sex offender, if applicable. TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(1)-(5), (d) (Vernon 1989 & Supp.2002).

Here, the trial court orally admonished appellant regarding the range of punishment for the offense and the deportation consequences of a guilty plea, but failed to admonish him regarding the sex offender registration requirement. *See id.* art. 26.13(a)(1), (4)-(5). This issue is controlled by our recent decisions in *Alvarez v. State*, 63 S.W.3d 578 (Tex.App.-Fort Worth 2001, no pet.), and *Anderson v. State*, 62 S.W.3d 304 (Tex.App.-Fort Worth 2001, pet. filed).

■ The admonishments under article 26.13(a) are not constitutionally required because their purpose and function is to assist the trial court in making the determination that a guilty plea is knowingly and voluntarily entered. *Aguirre–Mata v. State*, 992 S.W.2d 495, 498–99 (Tex.Crim. App.1999). Thus, a trial court commits nonconstitutional error when it fails to admonish a defendant on one of the statutorily required admonishments. *Id.; Carranza v. State*, 980 S.W.2d 653, 655–56 (Tex. Crim.App.1998).

■ As previously noted, nonconstitutional error is to be disregarded, unless it affects a substantial right of the appellant. TEX.R.APP. P. 44.2(b). In *Alvarez* and *Anderson*, we concluded that, in this context, the sex offender registration requirement under article 26.13(a)(5) is only

a collateral consequence of a guilty plea, and a trial court's failure to admonish an appellant regarding registration, alone, does not invalidate a plea. *See Alvarez*, 63 S.W.3d at 582; *Anderson*, 62 S.W.3d at 307. We further concluded that, although the registration requirement is a serious collateral consequence, a substantial right is affected under these circumstances only if the appellant was unaware of the consequences of his plea and was misled or harmed by the admonishment of the trial court. *See Alvarez*, 63 S.W.3d at 583; *Anderson*, 62 S.W.3d at 307; *see also Carranza*, 980 S.W.2d at 658[1]; *Torres v. State*, 59 S.W.3d 365, 368 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *Thompson v. State*, 59 S.W.3d 802, 807 (Tex.App.-Texarkana 2001, pet. filed); *Ducker v. State*, 45 S.W.3d 791, 793–96 (Tex.App.-Dallas 2001, no pet.). We assess the harm to appellant, if any, after reviewing the record. *See Johnson*, 43 S.W.3d at 5.

█ Applying the above standard, we conclude appellant's substantial rights were not affected by the trial court's failure to comply with article 26.13(a)(5). Appellant admitted to sexually assaulting A.H., who was nine years old at the time of appellant's trial. Appellant understood the range of punishment for the offense and that the trial court would, upon a finding of guilt, sentence him within that range. Appellant further understood the potential deportation consequences of his plea. There is no evidence in the record that appellant was unaware of the registration requirement or that he would not have pleaded guilty if the trial court had properly admonished him regarding registration. We overrule appellant's second issue. *See*

*Alvarez*, 63 S.W.3d at 583; *Anderson*, 62 S.W.3d at 307.

We affirm the trial court's judgment.

---

1. Under *Carranza,* the court of criminal appeals imposed upon the defendant the burden of proof to show he was unaware of the consequences of his plea and that he was misled or harmed by the admonishment of the trial court. *Carranza*, 980 S.W.2d at 658. The court of criminal appeals has since made it clear that an appellant has no burden to show harm under rule 44.2(b). *Johnson v. State*, 43 S.W.3d 1, 5 (Tex.Crim.App.2001).