NO. 07-02-0016-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 6, 2002


______________________________



TOMMY LYNN PARRISH
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 411
TH DISTRICT COURT OF POLK COUNTY;



NO. 15,994; HON. ROBERT HILL TRAPP, PRESIDING


_______________________________



Before QUINN and REAVIS, J.J., and BOYD, S.J.

 Tommy Lynn Parrish (appellant) appeals from a judgment under which he was
convicted for sexual assault of a child and two counts of indecency with a child. The
convictions followed his plea of no contest to the offenses and a trial to the court on the
matter of punishment. Via one issue, appellant contends that the judgment should be
reversed because the trial court failed to properly admonish him in accordance with art.
26.13 of the Texas Code of Criminal Procedure. That is, reversal is allegedly mandated
because the trial court 1) informed him of the incorrect range of punishment, Tex. Code
Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2002) (requiring an admonishment on the
range of punishment), 2) failed to admonish him about the requirement to register as a sex
offender, id. at art. 26.13(a)(5) (requiring same), 3) failed to determine whether his counsel
advised him of the obligation to register as a sex offender, id. at art. 26.13(h), and 4) failed
to have him sign a statement indicating that he understood the admonishments and was
aware of the consequences of his plea. Id. at art. 26.13(d) (requiring same). We
overrule the issue and affirm.

 Range of Punishment

 As to the admonishment about the range of punishment, the record illustrates that
appellant was told the two indecency counts were third degree felonies carrying a range
of imprisonment of two to ten years and a fine up to $10,000. All concede that the
offenses were actually second degree felonies carrying a range of punishment from two
to twenty years. Furthermore, the trial court ultimately sentenced appellant to eight years. 
Of note is that appellant does not contend that the incorrect admonishment harmed him
in any way or otherwise induced him to plead guilty.

 Authority holds that when the trial court informs one of an incorrect range of
punishment but the sentence ultimately levied falls within both the actual and misstated
maximum, then it has substantially complied with art. 26.13(a)(1) of the Code of Criminal
Procedure. Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Furthermore,
when the court has substantially complied with the statutory directive, it is incumbent upon
the defendant or appellant to "affirmatively show[] that he was not aware of the
consequences of his plea and that he was misled or harmed by the admonishment of the
court." Tex. Code. Crim. Proc. Ann. art. 26.13(c). 

 Here, the record illustrates that the trial court informed appellant of the incorrect
range of punishment. Yet, the sentence levied fell within both the correct range and the
range mentioned by the court. Thus, the trial court substantially complied with art.
26.13(a)(1) of the Code of Criminal Procedure. And, as alluded to above, appellant neither
argues or refers us to anything of record illustrating that he was not aware of the
consequences of his plea or otherwise misled or harmed by the admonishment. Nor does
our own review of the record uncover such evidence. So, the mistake does not constitute
reversible error. 

 Compliance with art. 26.13(d)

 Next, a trial court is obligated to receive from one pleading guilty or no contest a
written statement signed by the defendant and his attorney "that he understands the
admonitions and is aware of the consequences of his plea." Tex. Code Crim. Proc. Ann.
art. 26.13(d). Within the appellate record at bar appears a document entitled
"Admonishment of No Contest Plea" and which appellant signed. Contained in that
document is 1) a paragraph addressing appellant's right to a trial by jury and his waiver
of same, 2) a stipulation of evidence, and 3) the admonishments required by art. 26.13 of
the Code of Criminal Procedure, save for those relating to registration as a sex offender. 
Also found in it is a statement, signed by appellant's counsel, wherein appellant's counsel
represents that he "explained all of the foregoing waivers, requests, stipulations, and
admonishments to the [appellant] and he [the appellant] has intelligently signed the same."
Thus, we have before us a written document signed by appellant and his counsel wherein
counsel effectively tells us not only that appellant was aware of the "waivers, requests,
stipulations and admonishments" (other than those relating to registration as a sex
offender) but also that appellant "intelligently signed" those "waivers, requests,
stipulations, and admonishments." And, while this document does not expressly state that
appellant "understands the admonitions and is aware of the consequences of his plea,"
see Tex. Code Crim. Proc. Ann. art. 26.13(d), that particular subject matter is addressed
in a way clearly illustrating that appellant understood the admonishments and was aware
of the consequences of his plea. Thus, we cannot say that the trial court failed to receive
from appellant and his counsel a signed, written statement complying with art. 26.13(d). 
 

 Remaining Defaults

 Assuming arguendo that the trial court failed to comply with art. 26.13(a)(5) and (h)
of the Code of Criminal Procedure, the error must be harmful before we can reverse the
conviction. Burnett v. State, No. 860-01, 2002 WL 31424314 at *3 (Tex. Crim. App.
October 30, 2002) (involving the failure to comply with art 26.13); Cain v. State, 947
S.W.2d 262, 264 (Tex. Crim. App. 1997) (involving the same); Thompson v. State, 59
S.W.3d 802, 805-807 (Tex. App.-Texarkana 2001, pet. ref'd). Furthermore, when the error
is non-constitutional, such as that involved at bar, harm arises only when it has a
substantial influence on the outcome of the proceeding or the reviewing court has "'grave
doubt' that the result was free from the substantial influence of the error." Burnett v. State,
No. 860-01, WL 31424314 at *3. 

 With the foregoing standard in mind, we peruse the record and briefs before us for
evidence of harm. Upon doing so, we again note the absence of any allegation or citation
to evidence suggesting that the defaults affected, in any way, his decision to enter the plea
he entered. Instead, appellant merely implies that the errors are not subject to a harm
analysis, though Cain and Burnett clearly hold otherwise.

 Nor do we find any evidence indicating appellant was unaware of the duty to
register as a sex offender. See Lopez v. State, 71 S.W.3d 511, 516 (Tex. App.-Fort Worth
2002, no pet.) (finding no harm because, among other things, no evidence indicated that
the appellant was unaware of the duty to register as a sex offender). Nor does appellant
allege that he was unaware of the requirement. This is of import because one may have
known of the requirement despite the trial court's failure to address it. See Grays v. State,
888 S.W.2d 876, 878 (Tex. App.-Dallas 1994, no pet.) (acknowledging as much). 
Similarly absent is evidence or allegation that appellant would not have entered the plea
had he been admonished by the court per art. 26.13(a)(5); this too is a factor indicative of
no harm. See Lopez v. State, 71 S.W.3d at 516. 

 Next, we find reference to the need to register in the pre-sentence report ordered
by the trial court. Counsel represented to the trial court (immediately prior to the hearing
on punishment) that both he and appellant reviewed the report. Finally, no one sought,
at that time, to withdraw or otherwise avoid the plea of no contest for any reason, much
less upon the basis that it would not have been entered had appellant been admonished
of the requirement. 

 In sum, the record fails to show that the defaults in question substantially influenced
the outcome of the case. This leads us to conclude that the purported errors were
harmless.

 Accordingly, the judgment is affirmed. 

 

 Brian Quinn 

 Justice 

 

Do not publish. 



"false"
 UnhideWhenUsed="false" Name="Medium List 1 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-10-0222-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                                 JUNE
24, 2010

 

                                            ______________________________

 

 

                                                 In re: JOHNNY HINOJOS LUNA,

 

                                                                                                            Relator

 

                                         _________________________________

 

                                   On
Original Proceeding for Writ of Mandamus

 

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ

            Pending before the
court is the application of Johnny Hinojos Luna, for
a writ of mandamus.  The petition is a
request for us to order the Honorable Ana Estevez, 251st District Court, to act
on his motion for Nunc Pro Tunc,
wherein he claimed that he did not receive jail time credit while awaiting
trial.   We dismiss the petition as moot.

            On June 14, 2010, we directed Judge
Estevez to respond to relators petition for
mandamus.  On June 18, 2010, Judge
Estevez filed her response which included an Order Granting Jail Time Credit Nunc Pro Tunc, wherein she
granted relators motion and allotted him the
requested jail time credit.[1]   

            Accordingly, we do not reach the
merits of the issues raised, and the petition for writ of mandamus is dismissed
as moot.  See In re Duncan, 62 S.W.3d 333, 334 (Tex. App.Houston [1st Dist.]
2001, orig. proceeding).

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 



 











[1]A copy of the trial courts order is
attached to this opinion.