NO. 07-02-0016-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 6, 2002

_____

TOMMY LYNN PARRISH,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 411TH DISTRICT COURT OF POLK COUNTY;

NO. 15,994; HON. ROBERT HILL TRAPP, PRESIDING

_____

Before QUINN and REAVIS, J.J., and BOYD, S.J.

Tommy Lynn Parrish (appellant) appeals from a judgment under which he was convicted for sexual assault of a child and two counts of indecency with a child. The convictions followed his plea of no contest to the offenses and a trial to the court on the matter of punishment. Via one issue, appellant contends that the judgment should be reversed because the trial court failed to properly admonish him in accordance with art. 26.13 of the Texas Code of Criminal Procedure. That is, reversal is allegedly mandated because the trial court 1) informed him of the incorrect range of punishment, TEX. CODE

CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon Supp. 2002) (requiring an admonishment on the range of punishment), 2) failed to admonish him about the requirement to register as a sex offender, *id.* at art. 26.13(a)(5) (requiring same), 3) failed to determine whether his counsel advised him of the obligation to register as a sex offender, *id.* at art. 26.13(h), and 4) failed to have him sign a statement indicating that he understood the admonishments and was aware of the consequences of his plea. *Id.* at art. 26.13(d) (requiring same). We overrule the issue and affirm.

*Range of Punishment*

As to the admonishment about the range of punishment, the record illustrates that appellant was told the two indecency counts were third degree felonies carrying a range of imprisonment of two to ten years and a fine up to $10,000. All concede that the offenses were actually second degree felonies carrying a range of punishment from two to twenty years. Furthermore, the trial court ultimately sentenced appellant to eight years. Of note is that appellant does not contend that the incorrect admonishment harmed him in any way or otherwise induced him to plead guilty.

Authority holds that when the trial court informs one of an incorrect range of punishment but the sentence ultimately levied falls within both the actual and misstated maximum, then it has substantially complied with art. 26.13(a)(1) of the Code of Criminal Procedure. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Furthermore, when the court has substantially complied with the statutory directive, it is incumbent upon the defendant or appellant to "affirmatively show[] that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the

court." TEX. CODE. CRIM. PROC. ANN. art. 26.13(c).

Here, the record illustrates that the trial court informed appellant of the incorrect range of punishment. Yet, the sentence levied fell within both the correct range and the range mentioned by the court. Thus, the trial court substantially complied with art. 26.13(a)(1) of the Code of Criminal Procedure. And, as alluded to above, appellant neither argues or refers us to anything of record illustrating that he was not aware of the consequences of his plea or otherwise misled or harmed by the admonishment. Nor does our own review of the record uncover such evidence. So, the mistake does not constitute reversible error.

*Compliance with art. 26.13(d)*

Next, a trial court is obligated to receive from one pleading guilty or no contest a written statement signed by the defendant and his attorney "that he understands the admonitions and is aware of the consequences of his plea." TEX. CODE CRIM. PROC. ANN. art. 26.13(d). Within the appellate record at bar appears a document entitled "Admonishment of No Contest Plea" and which appellant signed. Contained in that document is 1) a paragraph addressing appellant's right to a trial by jury and his waiver of same, 2) a stipulation of evidence, and 3) the admonishments required by art. 26.13 of the Code of Criminal Procedure, save for those relating to registration as a sex offender. Also found in it is a statement, signed by appellant's counsel, wherein appellant's counsel represents that he "explained all of the foregoing waivers, requests, stipulations, and admonishments to the [appellant] and he [the appellant] has intelligently signed the same." Thus, we have before us a written document signed by appellant and his counsel wherein

3

counsel effectively tells us not only that appellant was aware of the "waivers, requests, stipulations and admonishments" (other than those relating to registration as a sex offender) but also that appellant "intelligently signed" those "waivers, requests, stipulations, and admonishments." And, while this document does not expressly state that appellant "understands the admonitions and is aware of the consequences of his plea," *see* TEX. CODE CRIM. PROC. ANN. art. 26.13(d), that particular subject matter is addressed in a way clearly illustrating that appellant understood the admonishments and was aware of the consequences of his plea. Thus, we cannot say that the trial court failed to receive from appellant and his counsel a signed, written statement complying with art. 26.13(d).

*Remaining Defaults*

Assuming *arguendo* that the trial court failed to comply with art. 26.13(a)(5) and (h) of the Code of Criminal Procedure, the error must be harmful before we can reverse the conviction. *Burnett v. State*, No. 860-01, 2002 WL 31424314 at *3 (Tex. Crim. App. October 30, 2002) (involving the failure to comply with art 26.13); *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (involving the same); *Thompson v. State*, 59 S.W.3d 802, 805-807 (Tex. App.–Texarkana 2001, pet. ref'd). Furthermore, when the error is non-constitutional, such as that involved at bar, harm arises only when it has a substantial influence on the outcome of the proceeding or the reviewing court has "'grave doubt' that the result was free from the substantial influence of the error." *Burnett v. State*, No. 860-01, WL 31424314 at *3.

With the foregoing standard in mind, we peruse the record and briefs before us for

4

evidence of harm. Upon doing so, we again note the absence of any allegation or citation to evidence suggesting that the defaults affected, in any way, his decision to enter the plea he entered. Instead, appellant merely implies that the errors are not subject to a harm analysis, though *Cain* and *Burnett* clearly hold otherwise.

Nor do we find any evidence indicating appellant was unaware of the duty to register as a sex offender. *See Lopez v. State*, 71 S.W.3d 511, 516 (Tex. App.–Fort Worth 2002, no pet.) (finding no harm because, among other things, no evidence indicated that the appellant was unaware of the duty to register as a sex offender). Nor does appellant allege that he was unaware of the requirement. This is of import because one may have known of the requirement despite the trial court's failure to address it. *See Grays v. State*, 888 S.W.2d 876, 878 (Tex. App.–Dallas 1994, no pet.) (acknowledging as much). Similarly absent is evidence or allegation that appellant would not have entered the plea had he been admonished by the court per art. 26.13(a)(5); this too is a factor indicative of no harm. *See Lopez v. State*, 71 S.W.3d at 516.

Next, we find reference to the need to register in the pre-sentence report ordered by the trial court. Counsel represented to the trial court (immediately prior to the hearing on punishment) that both he and appellant reviewed the report. Finally, no one sought, at that time, to withdraw or otherwise avoid the plea of no contest for any reason, much less upon the basis that it would not have been entered had appellant been admonished of the requirement.

In sum, the record fails to show that the defaults in question substantially influenced the outcome of the case. This leads us to conclude that the purported errors were

5

harmless.

Accordingly, the judgment is affirmed.

Brian Quinn
Justice

Do not publish.