COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-016-CR
 
VINCENT A. DEARS           
           
           
           
           
         
APPELLANT
V.
THE STATE OF TEXAS        
           
           
           
           
           
 STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
On October 17, 2002, Appellant
Vincent A. Dears pleaded guilty to aggravated sexual assault of a child under
fourteen years of age. Prior to his plea, the trial court orally admonished
Appellant of the consequences of his guilty plea; however, the court did not
admonish him that as a consequence of his guilty plea he would be required to
register as a sex offender in accordance with chapter 62 of the code of criminal
procedure. See Tex. Code Crim. Proc. Ann. art. 62.02 (Vernon Supp.
2003). After receiving Appellant's plea, the court sentenced Appellant to seven
years' confinement. In one issue on appeal, Appellant complains that the trial
court committed reversible error when it failed to admonish him of his duty to
register as a sex offender. We affirm.
Pursuant to article 26.13(a) of the
code of criminal procedure, before accepting a guilty plea, the trial court must
admonish the defendant, orally or in writing, of the range of punishment, the
possibility of deportation, and the fact that the defendant will be required to
register as a sex offender, if applicable. Id. art. 26.13(a)(1)-(5),
(d).(2) The purpose and function of the
admonishments under article 26.13(a) is to assist the trial court in making the
determination that a guilty plea is knowingly and voluntarily entered. Aguirre-Mata
v. State, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999). A trial court commits
nonconstitutional error when it fails to admonish a defendant on one of the
statutorily required admonishments. Id.; Carranza v. State,
980 S.W.2d 653, 655-56 (Tex. Crim. App. 1998).
The issue Appellant raises is
controlled by our previous decisions in Lopez v. State, 71 S.W.3d 511
(Tex. App.--Fort Worth 2002, no pet.), Alvarez v. State, 63 S.W.3d 578
(Tex. App.--Fort Worth 2001, no pet.), and Anderson v. State, 62 S.W.3d
304 (Tex. App.--Fort Worth 2001, pet. filed).(3)
In Lopez, we stated that "the sex offender registration
requirement under article 26.13(a)(5) is only a collateral consequence of a
guilty plea, and a trial court's failure to admonish an appellant regarding
registration, alone, does not invalidate a plea." 71 S.W.3d at 515-16
(citing Alvarez, 63 S.W.3d at 582 and Anderson, 62 S.W.3d at
307). Moreover, while "the registration requirement is a serious collateral
consequence, a substantial right is affected under these circumstances only if
the appellant was unaware of the consequences of his [or her] plea and was
misled or harmed by the admonishment of the trial court." Id.
(citations omitted).
A criminal defendant bears the
burden of proof to show that he or she was unaware of the consequences of his or
her plea and that he or she was misled or harmed by the admonishment of the
trial court. Carranza, 980 S.W.2d at 658. A defendant, however, has no
burden to show harm under rule 44.2(b). Tex. R. App. P. 44.2(b); Johnson v.
State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). We therefore assess the harm
to Appellant, if any, after reviewing the record. Tex. R. App. P. 44.2(b); Johnson,
43 S.W.3d at 4.
Applying the foregoing standard, we
hold that Appellant's substantial rights were not affected by the trial court's
failure to comply with article 26.13(a)(5). See Tex. Code Crim. Proc.
Ann. art. 26.13(a)(5). Appellant admitted to sexually assaulting L.W., who was
thirteen at the time of the offense. Appellant understood the range of
punishment for the offense and that the trial court would, upon a finding of
guilt, sentence him within that range. There is no evidence in the record that
Appellant was unaware of the registration requirement or that he would not have
pleaded guilty if the trial court had properly admonished him regarding
registration. Accordingly, we overrule Appellant's sole issue, and we affirm the
trial court's judgment. See Lopez, 71 S.W.3d at 516; Alvarez,
63 S.W.3d at 583; Anderson, 62 S.W.3d at 307.
 
           
           
           
           
           
           
PER CURIAM
 
PANEL F: GARDNER, HOLMAN, and
WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 31, 2003

1. See Tex. R. App. P. 47.4.
2. Article 26.13(a)(5) of the code of criminal procedure
provides:

        
 Prior to accepting a plea of guilty or a plea of nolo contendere, the court
 shall admonish the defendant of . . . the fact that the defendant will be
 required to meet the registration requirements of Chapter 62, if the defendant
 is convicted of or placed on deferred adjudication for an offense for which a
 person is subject to registration under that chapter.

Id. art. 26.13(a)(5).
3. We decline to follow Shankle v. State, as
Appellant urges. 59 S.W.3d 756, 762 (Tex. App.--Austin 2001, pet. granted)
(holding that even though registration is a collateral consequence, the trial
court's failure to admonish the defendant regarding registration affected a
substantial right and was reversible error). Were we to do so, we would be
turning a blind eye toward Lopez, Anderson, and Alvarez.
Under the doctrine of stare decisis, we are bound by our own precedent
"unless the strongest reasons exist for changing it." Messina v.
State, 904 S.W.2d 178, 181 (Tex. App.--Dallas 1995, no pet.) Because
Appellant has not articulated any such reasons, we continue to follow Lopez,
Anderson, and Alvarez. See also Vega v. State,
84 S.W.3d 613, 625 (Tex. Crim. App. 2002) (citing Jordan v. State, 54
S.W.3d 783, 786 (Tex. Crim. App. 2001) (listing three factors for overturning
precedent)).