[COMMENT1] 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-04-300-CR

 

OLUGBENGA FAKEYE                                                           APPELLANT

                                                                                                        

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I. Introduction

In a single issue, Appellant
Olugbenga Fakeye asserts error on the part of the trial court in failing to
admonish him, in connection with his guilty plea, of the consequences of such a
plea in violation of Texas Code of Criminal Procedure section 26.13(a)(4).  We reverse and remand.

 

 








II. Background

Following the reading of the
indictment, Fakeye pleaded guilty to organized criminal activity with the
underlying offense of fraudulent use or possession of identifying
information.  This was followed by the
following exchange: 

THE
COURT: Mr. Fakeye, do you understand the possible punishment of this offense is
by incarceration in the Institutional Division of the Texas Department of
Criminal Justice for not less than two nor more than 20 years and a possible
fine of up to $10,000?

 

THE
DEFENDANT: Yes.

 

THE
COURT: Now, knowing that=s the
range of punishment, do you still want to enter your plea of guilty?

 

THE
DEFENDANT: Yes.

 

The State later adduced evidence during the
punishment phase of Fakeye=s trial that he participated in a scheme to steal identifying
information from students at Mountain View College.  He then used that information to obtain
credit cards that were later used to purchase merchandise at a Mervyn=s department store. 

A jury assessed punishment at
five years=
incarceration and a fine of $1,652.00.  On appeal, Fakeye contends that his guilty
plea was involuntary as a result of the trial court=s failure to admonish him about the possibility of deportation when he
entered his plea. 








III. Incomplete Admonishment

Article 26.13(a)(4) requires
that the trial court admonish the defendant of the possibility of deportation
before accepting a guilty plea.  See Tex. Code Crim. Proc. Ann. art.
26.13(a)(4) (Vernon Supp. 2005). 
However, the failure to admonish a defendant on the consequences of his
guilty plea is statutory error rather than constitutional error.  Burnett v. State, 88 S.W.3d 633, 637
(Tex. Crim. App. 2002).  Thus, under the
harm analysis of statutory error, we disregard the error unless it affected
appellant's Asubstantial
rights.@  See Tex. R. App. P. 44.2(b).  

Here, the State concedes
error on the part of the trial court in failing to admonish Fakeye in
accordance with this part of the code.  However, the State asserts that Fakeye was
not harmed by the trial court=s failure to admonish him about the possibility of deportation as a
result of his plea of guilty. 
Additionally, the State points to this court=s earlier holding in Lopez v. State for the proposition that a
defendant bears the burden of showing that he was unaware of the possible
consequences of his plea.  71 S.W.3d 511
(Tex. App.CFort Worth
2002, no pet.).  The State concludes that
Fakeye, like the defendant in Lopez, has failed to carry this burden.  However, in Lopez, we stated:








Under
Carranza, the court of criminal appeals imposed upon the defendant the
burden of proof to show he was unaware of the consequences of his plea and that
he was misled or harmed by the admonishment of the trial court.  Carranza, 980 S.W.2d at 658.  The court of criminal appeals has since made
it clear that an appellant has no burden to show harm under rule
44.2(b).  Johnson v. State, 43
S.W.3d 1, 5 (Tex. Crim. App. 2001).

 

Id. at
516, n.1 (emphasis added).  








The Texas Court of Criminal
Appeals explained that as the reviewing court, we must independently examine
the record for indications that a defendant was or was not aware of the
consequences of his plea and whether he was misled or harmed by the trial
court's failure to admonish him.  Burnett,
88 S.W.3d at 638.  The appellant nor
the State has any formal burden to show harm under this analysis.  Id. 
Rather, as the reviewing court, we are to examine the entire record to
determine whether, on its face, it suggests that a defendant did not know the
consequences of his plea.  Id.  The court also pointed out that a silent
record would support such an inference.  Id.;
Hwang v. State, 130 S.W.3d 496, 500 (Tex. App.CDallas 2004, pet. ref=d).  A Asilent@ record is
one in which there is no indication that appellant was ever informed about the
specific consequences of his plea.  Hwang,
130 S.W.3d at 500.  Further, the court
held that a reviewing court should also consider facts in the record that show
that the defendant did know the consequences of his plea.  Id. 
The court stated that it is ultimately this court's responsibility to
determine whether the record supports or negates a defendant's assertion of
harm.  Burnett, 88 S.W.3d at 639. 

In the same case, the court
held that when a reviewing court has Agrave doubt@ that the
result was free from the Asubstantial
influence of the error, then a court concludes that an error may have had
substantial influence on the outcome of the proceeding[s].@  Id. at 637.  AGrave doubt@ means that Ain the judge's mind, the matter is so evenly balanced that he feels
himself in virtual equipoise as to the harmlessness of the error.@  Id. at 637-38 (quoting O'Neil
v. McAninch, 513 U.S. 432, 433, 115 S. Ct. 992, 993 (1995)).








In this case, the State
argues that Fakeye, like the defendant in Lopez,  was not harmed by the State=s failure to administer the admonishment regarding deportation.  However in that case, the appellant
understood the potential deportation consequences of his plea.  Lopez, 71 S.W.2d at 516.  Here, the record supports an inference that
Fakeye was unaware of the deportation consequences of his plea.  The record is silent; there is no indication
in the record that Fakeye was actually informed that a guilty plea could result
in Adeportation, the exclusion from admission to this country, or the
denial of naturalization under federal law,@ nor are there facts in the record that suggest that Fakeye knew the
consequences of his plea.  See Tex. Code Crim. Proc. Ann. art
26.13(a)(4).  However, the record does
contain some evidence that Fakeye was not a United States citizen:  (1) a motion in limine requested that there
be no mention of Adefendant=s immigration status in this country,@ which was discussed at the hearing wherein Fakeye, age eighteen,
pleaded guilty, (2) State=s exhibit
twenty-two that indicated that Fakeye went to high school in Nigeria, where he
lived as late as 2001, and (3) testimony from Fakeye where he stated that he
came to the United States from another country. 








Based on the entire record
before us, we are left with grave doubt as to 
whether the conviction was free from the substantial influence of the
error.  It is obvious that Fakeye=s ability to enter a guilty plea freely and voluntarily is called into
question by his apparent ignorance of the deportation consequences of that
plea.  And because the evidence suggests
that Fakeye is an immigrant, those consequences were particularly
material.  Thus, we hold that Fakeye was
harmed by the trial court=s failure to
admonish him on the deportation consequences of his guilty plea.  Compare Hwang, 130 S.W.3d at 501 (holding
that appellant was harmed by trial court=s failure to admonish him of deportation consequences of his guilty
plea where the record was silent about whether he was ever specifically
informed that his guilty plea could result in deportation and record showed
that appellant moved to the United States from Korea) with Denton v. State,
No. 2-02-467-CR, 2004 WL 362265, at *2 (Tex. App.CFort Worth Feb. 26, 2004, pet. ref=d) (not designated for publication) (mem. op.) (holding that appellant
was not harmed where defendant never asserted that he was not a U.S. citizen
and no evidence in the record suggested he was not a U.S. citizen).  We sustain Fakeye=s sole issue.

IV.
Conclusion

Having sustained Fakeye=s sole issue, we reverse and remand to the trial court for further
proceedings.  See Tex. R. App. P. 43.2(d).

 

 

BOB MCCOY

JUSTICE

 

PANEL A:   CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

 

CAYCE,
C.J. filed a dissenting opinion.

 

PUBLISH

 

DELIVERED:
February 9, 2006

 

 

 

 

 

 

 

 

 

 

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-300-CR

 

 

OLUGBENGA FAKEYE                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                   DISSENTING OPINION

 

                                              ------------








I dissent.  There is no evidence in the record of this
case showing that appellant did not know of the deportation consequences of his
guilty plea.[1]  Nor is there any evidence that appellant=s knowledge of the deportation consequences would have had any effect
on his decision to plead guilty. Because there is no evidence showing that
appellant was unaware of the consequences of his plea or that he would not have
entered the plea had he known the consequences, the record does not show that
appellant=s
substantial rights were affected by the error. 
Lopez v. State, 71 S.W.3d 511, 516 (Tex. App.CFort Worth 2002, no pet.).  I
would, therefore, affirm.  

 

 

JOHN CAYCE

CHIEF JUSTICE

 

PUBLISH

 

DELIVERED:
February 9, 2006

 











[1]The majority relies on one sentence
of dicta in Burnett v. State, 88 S.W.3d 633, 638 (Tex. Crim. App.
2002) to support its conclusion that a Asilent record@ proves that appellant had no knowledge of the deportation
consequences of his plea.  It is, of
course, axiomatic that we cannot accept a disputed allegation of fact as true
without a record containing evidence of the alleged fact.  A silent record neither proves nor disproves
the alleged fact. Because the one sentence in Burnett on which the
majority relies is dicta that contravenes axiomatic principles of
evidentiary review, I do not consider it to have any precedential value.















 [COMMENT1]

MAJORITY BY JUSTICE MCCOY DISSENT BY CHIEF JUSTICE CAYCE