**Olugbenga FAKEYE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–04–300–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 9, 2006.

Rehearing Overruled March 9, 2006.

Davis McCown, Hurst, for appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty. and Chief of the Appellate Section, Sylvia Mandel, Lori Varnell, Martin Purselley, Asst.

---

**16.** We need not and do not reach FIE's fifth and sixth issues.

Crim. Dist. Attys., Fort Worth, for appellee.

PANEL A: CAYCE, C.J.;
DAUPHINOT and McCOY, JJ.

## OPINION

BOB McCOY, Justice.

### I.  Introduction

In a single issue, Appellant Olugbenga Fakeye asserts error on the part of the trial court in failing to admonish him, in connection with his guilty plea, of the consequences of such a plea in violation of Texas Code of Criminal Procedure section 26.13(a)(4). We reverse and remand.

### II.  Background

Following the reading of the indictment, Fakeye pleaded guilty to organized criminal activity with the underlying offense of fraudulent use or possession of identifying information. This was followed by the following exchange:

> THE COURT: Mr. Fakeye, do you understand the possible punishment of this offense is by incarceration in the Institutional Division of the Texas Department of Criminal Justice for not less than two nor more than 20 years and a possible fine of up to $10,000?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, knowing that's the range of punishment, do you still want to enter your plea of guilty?
>
> THE DEFENDANT: Yes.

The State later adduced evidence during the punishment phase of Fakeye's trial that he participated in a scheme to steal identifying information from students at Mountain View College. He then used that information to obtain credit cards that were later used to purchase merchandise at a Mervyn's department store.

A jury assessed punishment at five years' incarceration and a fine of $1,652.00. On appeal, Fakeye contends that his guilty plea was involuntary as a result of the trial court's failure to admonish him about the possibility of deportation when he entered his plea.

### III.  Incomplete Admonishment

■ Article 26.13(a)(4) requires that the trial court admonish the defendant of the possibility of deportation before accepting a guilty plea. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(4) (Vernon Supp. 2005). However, the failure to admonish a defendant on the consequences of his guilty plea is statutory error rather than constitutional error. *Burnett v. State*, 88 S.W.3d 633, 637 (Tex.Crim.App.2002). Thus, under the harm analysis of statutory error, we disregard the error unless it affected appellant's "substantial rights." *See* TEX.R.APP. P. 44.2(b).

Here, the State concedes error on the part of the trial court in failing to admonish Fakeye in accordance with this part of the code. However, the State asserts that Fakeye was not harmed by the trial court's failure to admonish him about the possibility of deportation as a result of his plea of guilty. Additionally, the State points to this court's earlier holding in *Lopez v. State* for the proposition that a defendant bears the burden of showing that he was unaware of the possible consequences of his plea. 71 S.W.3d 511 (Tex. App.-Fort Worth 2002, no pet.). The State concludes that Fakeye, like the defendant in *Lopez*, has failed to carry this burden. However, in *Lopez*, we stated:

> Under *Carranza*, the court of criminal appeals imposed upon the defendant the burden of proof to show he was unaware of the consequences of his plea and that he was misled or harmed by the admonishment of the trial court. *Carranza [v.*

*State*], 980 S.W.2d [653] at 658 [ (Tex.Crim.App.1998) ]. The court of criminal appeals has since made it clear that an *appellant has no burden* to show harm under rule 44.2(b). *Johnson v. State*, 43 S.W.3d 1, 5 (Tex.Crim.App. 2001). *Id.* at 516, n. 1 (emphasis added).

■ The Texas Court of Criminal Appeals explained that as the reviewing court, we must independently examine the record for indications that a defendant was or was not aware of the consequences of his plea and whether he was misled or harmed by the trial court's failure to admonish him. *Burnett*, 88 S.W.3d at 638. The appellant nor the State has any formal burden to show harm under this analysis. *Id.* Rather, as the reviewing court, we are to examine the entire record to determine whether, on its face, it suggests that a defendant did not know the consequences of his plea. *Id.* The court also pointed out that a silent record would support such an inference. *Id.; Hwang v. State*, 130 S.W.3d 496, 500 (Tex.App.-Dallas 2004, pet. ref'd). A "silent" record is one in which there is no indication that appellant was ever informed about the specific consequences of his plea. *Hwang*, 130 S.W.3d at 500. Further, the court held that a reviewing court should also consider facts in the record that show that the defendant did know the consequences of his plea. *Id.* The court stated that it is ultimately this court's responsibility to determine whether the record supports or negates a defendant's assertion of harm. *Burnett*, 88 S.W.3d at 639.

In the same case, the court held that when a reviewing court has "grave doubt" that the result was free from the "substantial influence of the error, then a court concludes that an error may have had substantial influence on the outcome of the proceeding[s]." *Id.* at 637. "Grave doubt" means that "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *Id.* at 637–38 (quoting *O'Neal v. McAninch*, 513 U.S. 432, 433, 115 S.Ct. 992, 993, 130 L.Ed.2d 947 (1995)).

In this case, the State argues that Fakeye, like the defendant in *Lopez*, was not harmed by the State's failure to administer the admonishment regarding deportation. However in that case, the appellant understood the potential deportation consequences of his plea. *Lopez*, 71 S.W.3d at 516. Here, the record supports an inference that Fakeye was unaware of the deportation consequences of his plea. The record is silent; there is no indication in the record that Fakeye was actually informed that a guilty plea could result in "deportation, the exclusion from admission to this country, or the denial of naturalization under federal law," nor are there facts in the record that suggest that Fakeye knew the consequences of his plea. *See* TEX.CODE CRIM. PROC. ANN. art 26.13(a)(4). However, the record does contain some evidence that Fakeye was not a United States citizen: (1) a motion in limine requested that there be no mention of "defendant's immigration status in this country," which was discussed at the hearing wherein Fakeye, age eighteen, pleaded guilty, (2) State's exhibit twenty-two that indicated that Fakeye went to high school in Nigeria, where he lived as late as 2001, and (3) testimony from Fakeye where he stated that he came to the United States from another country.

Based on the entire record before us, we are left with grave doubt as to whether the conviction was free from the substantial influence of the error. It is obvious that Fakeye's ability to enter a guilty plea freely and voluntarily is called into question by his apparent ignorance of the deportation

consequences of that plea. And because the evidence suggests that Fakeye is an immigrant, those consequences were particularly material. Thus, we hold that Fakeye was harmed by the trial court's failure to admonish him on the deportation consequences of his guilty plea. *Compare Hwang,* 130 S.W.3d at 501 (holding that appellant was harmed by trial court's failure to admonish him of deportation consequences of his guilty plea where the record was silent about whether he was ever specifically informed that his guilty plea could result in deportation and record showed that appellant moved to the United States from Korea) *with Denton v. State,* No. 2–02–467–CR, 2004 WL 362265, at *2 (Tex. App.-Fort Worth Feb.26, 2004, pet. ref'd) (not designated for publication) (mem.op.) (holding that appellant was not harmed where defendant never asserted that he was not a U.S. citizen and no evidence in the record suggested he was not a U.S. citizen). We sustain Fakeye's sole issue.

### IV. CONCLUSION

Having sustained Fakeye's sole issue, we reverse and remand to the trial court for further proceedings. *See* TEX.R.APP. P. 43.2(d).

CAYCE, C.J. filed a dissenting opinion.

JOHN CAYCE, Chief Justice, dissenting.

I dissent. There is no evidence in the record of this case showing that appellant did not know of the deportation consequences of his guilty plea.[1] Nor is there any evidence that appellant's knowledge of

the deportation consequences would have had any effect on his decision to plead guilty. Because there is no evidence showing that appellant was unaware of the consequences of his plea or that he would not have entered the plea had he known the consequences, the record does not show that appellant's substantial rights were affected by the error. *Lopez v. State,* 71 S.W.3d 511, 516 (Tex.App.-Fort Worth 2002, no pet.). I would, therefore, affirm.

---

1. The majority relies on one sentence of *dicta* in *Burnett v. State,* 88 S.W.3d 633, 638 (Tex. Crim.App.2002) to support its conclusion that a "silent record" proves that appellant had no knowledge of the deportation consequences of his plea. It is, of course, axiomatic that we cannot accept a disputed allegation of fact as

true without a record containing evidence of the alleged fact. A silent record neither proves nor disproves the alleged fact. Because the one sentence in *Burnett* on which the majority relies is *dicta* that contravenes axiomatic principles of evidentiary review, I do not consider it to have any precedential value.