NO. 07-05-0254-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 28, 2007
_____

LLOYD HARRISON PITCHFORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 10,600; HONORABLE TOM NEELY, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Lloyd Harrison Pitchford appeals his conviction and sentence for aggravated sexual assault. We agree with appointed counsel's conclusion that the record fails to show any meritorious issue which would support the appeal and affirm the trial court's judgment.

Appellant, while represented by counsel, entered an open plea of guilty to the charged offense and requested punishment be assessed by a jury. The trial court directed

the jury to find appellant guilty. The jury rejected appellant's request to be placed on community supervision and assessed punishment at 60 years confinement.

Counsel for appellant has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief discusses the factual and procedural history of the case and evidence presented. In conformity with counsel's obligation to support the appeal to the best of his ability, *Johnson v. State,* 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd), the brief discusses six potential issues on appeal and explains why they do not show reversible error. Counsel thus concludes that the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson*, 885 S.W.2d at 645. By letter, this court also notified appellant of his right to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has filed a response raising three issues. The State has not filed a brief.

We must also conduct an independent examination of the record to determine whether there are any non-frivolous grounds on which an appeal could arguably be founded. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). If this court determines the

appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford*, 813 S.W.2d 511.

The first issue raised in appellant's response assigns error to the trial court's failure to ensure he was competent to enter a plea knowingly and voluntarily. In support he points to the recitation in his written statement that it was transcribed by a deputy sheriff because he could not "read or write very well."[1] On this evidence he contends the trial court was obligated to conduct a hearing to determine his competency.

A defendant is presumed to be competent to stand trial unless proven incompetent by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 46B.003(b) (Vernon 2006). *See also* Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2006) (court may not accept guilty plea unless it appears defendant is mentally competent). A person is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, or a rational as well as factual understanding of the proceedings against him. Tex. Code Crim. Proc. Ann. art. 46B.003 (Vernon 2006). If evidence suggesting the defendant may be incompetent comes to the attention of the trial court, it must determine, *sua sponte*, by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. *Id.* art. 46B.004(c). A competency inquiry is not required,

---

[1] Appellant also makes reference to school records from 1966 through 1976, attached to his brief. Our review must be based on the appellate record. We are unable to consider documents attached to a brief but not appearing in the record. *Luckette v. State*, 906 S.W.2d 663, 668 (Tex.App.–Amarillo 1995, pet. ref'd). We note, however, that consideration of the school records would not change our decision in this appeal.

3

however, unless the evidence is sufficient to create a bona fide doubt in the mind of the judge whether the defendant is legally competent. *McDaniel v. State*, 98 S.W.3d 704, 710 (Tex.Crim.App. 2003). Evidence is usually sufficient to create a bona fide doubt regarding competency if it shows "recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by the defendant." *Id.* We review a trial court's decision not to take the next procedural step and appoint an expert to examine a defendant for abuse of discretion. *Young v. State*, 177 S.W.3d 136, 139 (Tex.App.–Houston [1st Dist.] 2005, no pet.) (*citing Bigby v. State*, 892 S.W.2d 864, 885 (Tex.Crim.App. 1994)); art. 46B.005(a).

At the time of his guilty plea, appellant expressly denied any claim to mental incompetence to stand trial and denied that he had ever been treated for any mental illness, disease "or anything like that." Defense counsel denied he had seen any evidence appellant was not competent. The record also shows appellant's responses at trial were lucid and responsive to the questions asked. We find no arguable issue is raised on appellant's competence.

The second issue raised in appellant's pro se response asserts his trial counsel was ineffective based on counsel's failure to familiarize himself with the facts of the case, filing only two motions, and failure to seek a competency hearing. Appellant also points to trial counsel's failure to file a complaint on denial of the motion to suppress "to preserve it for error."

To establish denial of the effective assistance of trial counsel an appellant must establish (1) his counsel's performance was deficient, and (2) the deficient performance

4

prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). This standard applies to claims arising from a noncapital sentencing phase. *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex.Crim.App. 1999). The first component of *Strickland* is met by showing trial counsel made errors so significant that he was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. 466 U.S. at 687. To show prejudice, the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. A reviewing a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* at 689; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). A claim of ineffective assistance of counsel must be affirmatively supported by the record. *Tabora v. State*, 14 S.W.3d 332, 336 (Tex.App.– Houston [14th Dist.] 2000, no pet.).

We find no support in the record for appellant's view that his counsel's performance was deficient. It does not suggest any additional motions counsel should have presented to the trial court. During voir dire counsel actively questioned the panel, successfully challenging several members for cause. He also conducted a thorough examination of the State's witnesses, obtaining the substantial admissions from the complainant that she initiated several encounters with appellant and had attempted to contact him shortly before

trial.  Appellant's belief counsel was required to present a separate objection to the overruling of his motion to suppress to preserve the complaint for review is mistaken. Preservation of a complaint under Rule of Appellate Procedure 33.1(a) requires only a timely "request, objection, or motion" and an adverse ruling.  Only if the trial court refused to rule on the request, objection or motion is a separate complaint on the refusal required. Tex. R. App. P. 33.1(a)(2)(B).  The record also contains a written stipulation signed by appellant that he was satisfied with his counsel's representation.

Appellant's third issue alleges the trial court failed to adequately admonish him as required by article 26.13 of the Code of Criminal Procedure.  He points to the absence of oral admonishments from the trial judge concerning the effect of a guilty plea on non-citizens and concerning the requirement to register as a sex offender.  *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(4), (5) (Vernon Supp. 2006).  The admonishments mandated by article 26.13 are not constitutionally required but are designed to help the trial court ensure that the waiver of constitutional rights resulting from a plea of guilty is made knowingly and voluntarily. *Anderson v. State*, 182 S.W.3d 914, 917-18 (Tex.Crim.App. 2006); *Aguirre-Mata v. State*, 125 S.W.3d 473, 476 (Tex.Crim.App. 2003).  The admonishments required by article 26.13(a) may be made orally or in writing.  Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp. 2006).  Here the record contains written admonishments, signed by appellant and his counsel, advising him of the potential effects of a guilty plea if he were not a citizen.

We do agree the record fails to show the trial court advised appellant his plea of guilty would subject him to sex offender registration requirements.  Tex. Code Crim Proc.

Ann. art. 26.13(a)(5) (Vernon 2006). This failure was error. Where a defendant complains of the failure to follow the dictates of the statute, we must apply the harm analysis of Rule of Appellate Procedure 44.2(b) and determine if the error affects a substantial right. *Anderson*, 182 S.W.3d at 918; *Lopez v. State*, 71 S.W.3d 511, 515 (Tex.App.--Fort Worth 2002, no pet.). In applying Rule 44.2(b) to the failure to give an admonition the question presented is whether, considering the record as a whole, there is a fair assurance the defendant's decision to plead guilty would not have changed had the court admonished him. 182 S.W.3d at 919. Appellant does not claim he was unaware of this consequence of his plea. Here, as in *Anderson*, the defense relied on the registration requirement in requesting a probation recommendation from the jury. Both during his opening statement to the jury and in closing argument, appellant's counsel made reference to the "special conditions" applicable to defendants found guilty of a sexual offense. During closing argument defense counsel argued that if given probation, appellant would not be "let loose" as the prosecutor suggested, but be on "special conditions [as] a sex offender. He has to register." On this record, no harm can be shown by the trial court's failure to admonish appellant on the sex offender registration requirement, and no error on which an appeal could be predicated is present.

Our review of counsel's brief and the record convinces us that appellate counsel conducted a thorough review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *Id.* We agree with counsel that there are no meritorious grounds for review.

7

Accordingly, counsel's motion to withdraw is granted and we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.