COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GREGORY MICHAEL FOWLER, | § | No. 08-11-00027-CR |
| Appellant, | § | Appeal from the |
| v. | § | 355th Judicial District Court |
| THE STATE OF TEXAS, | § | of Hood County, Texas |
| Appellee. | § | (TC# CR11726) |
| | § | |

# **O P I N I O N**

Gregory Michael Fowler was convicted of four counts of sexually assaulting Cleo Jo Venuezla (pseudonym), a child under the age of 17 years, and one count of indecency with a child (also Cleo Jo Venuezla) by contact. After pleading guilty to the offenses in front of the jury, and subsequent to the punishment phase of the trial, the jury assessed punishment at fifteen (15) years' in prison as to each of five of the seven counts in the indictment. The trial court sentenced Fowler to fifteen years confinement in the Texas Department of Corrections as to Counts One, Two, Three, and Four, to run concurrently to one another, and fifteen years as to Count Six, to run consecutively to the sentence imposed in Counts One through Four. In three issues on appeal, Fowler argues that the judgment of the trial court should be reversed because: (1) the trial judge failed to admonish Fowler that he would be obligated to register as a sex offender; (2) the trial judge failed to admonish Fowler that the trial court had the authority to run the sentences imposed consecutively; and (3) the prosecution of the indecency with a child by contact offense was barred by double jeopardy inasmuch as that offense was a lesser included offense of sexual assault of a child. We affirm.

## Background

Appellant was indicted on November 10, 2010, in Hood County Texas and charged with four counts of sexual assault of a child under the age of 17 years, and three counts of indecency with a child by contact. All of the charges were second degree felonies.

Appellant met Venuezla in a Christian-based drug and alcohol rehabilitation program known as Celebrate Recovery. Venuezla was fifteen years' old and Appellant was thirty-seven. Initially, the relationship was similar to that of a father and daughter. The relationship progressed and Appellant began sending Venuezla sexually suggestive text messages and video clips of himself masturbating. At some point, Appellant began having sexual intercourse with Venuezla.

During this time period, Appellant was residing in an apartment with at least two other roommates. One of those roommates, Noah Kinsey, testified that he overheard sounds of people having sexual intercourse coming from Appellant's room in the residence. He stated that he was aware that Venuezla was only fifteen years' old, and he was uncomfortable and concerned with the relationship between Appellant and Venuezla. As a result, Kinsey called the police.

Officer Patrick Wiginton and Officer Michael Holly were dispatched to the residence to investigate a possible sexual assault. Officer Holly, looking through a window, saw Appellant and Venuezla in bed together. Officer Wiginton stated that Appellant answered the door wearing only boxer shorts. Corporal Damon Hice told the jury that after interviewing Venuezla, he was convinced that Appellant and Venuezla had had sexual intercourse, and that Venuezla had felt pressured to have intercourse with Appellant.

Both Venuezla and Appellant testified at trial. Venuezla told the jury that she had met Appellant at Celebrate Recovery and that she perceived him as a father figure. She admitted that

2

the relationship did change and become sexual, but testified that Appellant did not threaten or force her to have intercourse. She stated that they had had intercourse more times than she could count. Appellant's testimony was much the same. Both testified that they thought that once they had intercourse, they were married. Appellant stated that he had made plans with Venuezla to run away to Spain where he claimed the age of consent was fifteen.

After hearing all of the evidence presented at the punishment phase of the trial, the jury assessed punishment at fifteen years confinement in the Texas Department of Corrections as to Counts One, Two, Three, Four, and Six of the Indictment. The trial court ordered the sentences imposed as to Counts One through Four to run concurrent to one another, and the sentence imposed as to Count Six to run consecutive to the sentences imposed as to Counts One through Four.

### Failure to Admonish – Sex Offender Registration

Appellant first contends that the trial court committed reversible error when it failed to admonish him regarding the statutory requirement that he register as a sex offender, and that because there is no evidence in the record that Appellant was aware that he would have to register as a sex offender, an inference exists that he was unaware of the registration requirement. The State concedes that the trial court failed to admonish Appellant that upon a plea of guilty, he would be obligated to register as a sex offender, but contends that such error was harmless because there was no evidence that Appellant was unaware of the registration requirement or that he would not have pled guilty if he had been so admonished.

Prior to accepting a plea of guilty or nolo contendere, a trial court shall admonish the defendant of the fact that the defendant will be required to meet the registration requirements of

3

Chapter 62 of the Texas Code of Criminal Procedure if he is convicted of an offense for which a person is subject to registration under that chapter. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(5)(West Supp. 2011). However, in admonishing the defendant, substantial compliance by the trial court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(c). Further, the failure of the trial court to comply with Subsection (a)(5) is not a ground for a defendant to set aside the conviction, sentence, or plea. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(h).

The admonishments under Article 26.13(a) are not constitutionally required because their purpose and function is to assist the trial court in making the determination that a guilty plea is knowingly and voluntarily entered. *See Aguirre-Mata v. State*, 992 S.W.2d 495, 498-99 (Tex.Crim.App. 1999); *Alvarez v. State*, 63 S.W.3d 578, 581 (Tex.App.--Fort Worth 2001, no pet.). Thus, a trial court commits non-constitutional error when it fails to admonish a defendant on one of the statutorily required admonishments. *Id.*

Non-constitutional error is disregarded, unless it affects a substantial right of the appellant. *See* TEX.R.APP. P. 44.2(b). In this context, a substantial right is affected if the appellant was unaware of the consequences of his plea and was misled or harmed by the admonishment of the trial court. *Alvarez*, 63 S.W.3d at 581-82; TEX.CODE CRIM.PROC.ANN. art. 26.13(c). We assess the harm to the appellant, if any, after reviewing the record, although an appellant has no burden to show harm under Rule 44.2(b). *See Johnson v. State*, 43 S.W.3d 1, 5 (Tex.Crim.App. 2001).

Since Article 26.13(a) was amended to include admonishments regarding the sex offender

4

registration requirement, several courts of appeal have addressed the issue of whether a trial court's failure to admonish a defendant regarding the registration requirement affects a guilty plea. The majority of those courts have applied the standard of review set out in *Carranza v. State*[1] relative to the concepts of direct versus collateral consequences of a plea in determining whether reversible error occurred and the defendant's plea was invalidated. *See*, e.g., *Lopez v. State*, 71 S.W.3d 511, 516 (Tex.App.--Fort Worth 2002, no pet.); *Alvarez*, 63 S.W.3d at 583; *Thompson v. State*, 59 S.W.3d 802, 806-07 (Tex.App.--Texarkana 2001, pet. ref'd); *Ducker v. State*, 45 S.W.3d 791, 793-96 (Tex.App.--Dallas 2001, no pet.).

Generally, if a defendant is fully advised of the direct consequences of his plea, his ignorance of a collateral consequence does not render the plea involuntary.[2] *See Anderson v. State,* 62 S.W.3d 304, 306 (Tex.App.--Fort Worth 2001, pet. granted), *aff'd by*, 182 S.W.3d 914 (Tex.Crim.App. 2006); *State v. Jimenez*, 987 S.W.2d 886, 888-89 (Tex.Crim.App. 1999); *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997). Each of the courts cited above initially concluded that the admonishments under Article 26.13(a)(5) regarding sex offender registration are collateral and that the failure to admonish a defendant, alone, does not invalidate a guilty plea.[3] *See Anderson* 62 S.W.3d at 307; *Lopez*, 71 S.W.3d at 516; *Alvarez*, 63 S.W.3d at 582; *Thompson,* 59 S.W.3d at 806-07; *Ducker*, 45 S.W.3d at 795-96. The courts then proceeded to apply the

---

[1] 980 S.W.2d 653, 655-56 (Tex.Crim.App. 1998).

[2] However, obviously, the better practice for a trial court, in order to comply with the requirements of Article 26.13(a)(5) of the Texas Code of Criminal Procedure, is to admonish a defendant that he will, upon conviction, be obligated to register as a sex offender.

[3] We do not find persuasive Appellant's argument that a trial court's failure to admonish a defendant as to the statutory sex offender registration requirement is tantamount to a failure to admonish the defendant as to the range of punishment for the charged offense(s).

*Carranza* standard of review to the facts of the particular cases.

In *Anderson, Thompson,* and *Ducker*, the courts determined that, in the absence of evidence that the defendant was unaware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment, no reversible error occurred. *See Anderson,* 62 S.W.3d at 306-07; *Thompson*, 59 S.W.3d at 807; *Ducker*, 45 S.W.3d at 795-96; *see also Alvarez,* 63 S.W.3d at 583; *Lopez*, 71 S.W.3d at 516.

In 2004, the Court of Criminal Appeals held that the requirement to register as a sex offender is a direct rather than a collateral consequence of a guilty plea. *See Mitschke v. State,* 129 S.W.3d 130, 136 (Tex.Crim.App. 2004). The Court determined that because the consequence is definite and completely automatic, it is a direct consequence of a guilty plea. *Id.* at 135. However, the Court also found that because the consequence (registration) is a non-punitive measure, failure to admonish does not necessarily render a plea involuntary. *Id.* at 136. Finally, the Court noted that Mitschke did not show any harm resulting from his asserted lack of knowledge as to the registration requirement. *Id.* at 136.

Here, the record contains no indication that Appellant was aware that he would have to register as a sex offender. The trial court did not admonish Appellant of the requirement either orally or in writing and the subject apparently never arose as it should have. On the other hand, there is no evidence in the record that Appellant was unaware of the registration requirement or that he would not have pled guilty had the trial court properly admonished him regarding registration. Under these facts, we conclude that an inference exists that Appellant did not know that as a consequence of his pleas, he would be obligated to register as a sex offender.

Next, we must examine the record for indications of whether Appellant was misled or

6

harmed by the trial court's failure to admonish him about the registration requirement. In conducting our harm analysis in this case, we have reviewed the complete record. *See Johnson*, 43 S.W.3d at 5; TEX.R.APP.P. 44.2(b). Harm means that Appellant probably would not have pled guilty but for the failure to admonish. *See Carranza,* 980 S.W.2d at 657-58. In other words, does the record contain any indication that Appellant would not have pled guilty if he had known that he would be required to register as a sex offender?

Our review of the record suggests that Appellant would still have pled guilty even if he had been properly admonished by the trial court. Appellant's trial counsel informed the trial court that he believed that Appellant had "made his decision" which indicated to the court that Appellant understood his rights and the consequences of entering the guilty pleas. When viewed in the context of the admonishments being given by the trial court at that time, counsel's statement is a fairly unambiguous indication that Appellant would have pled guilty even if he had been admonished about the sex offender registration requirements. Further, Appellant has not claimed at any point in this appeal that his guilty pleas were involuntary due to the trial court's failure to admonish him that he would be required to register as a sex offender.

Additionally, the evidence against Appellant was overwhelming. He pled guilty in front of the jury and supported his plea with testimony admitting that he had sexual encounters too numerous to count with the fifteen-year-old Venuezla, and that he had no remorse for his actions. Venuezla herself testified as to the number and type of sexual encounters between her and Appellant. The record is clear that he understood the range of punishment for the offense and that by pleading guilty in front of the jury, the trial court would find him guilty and he would be sentenced following the conclusion of the punishment phase of the trial.

7

We acknowledge that the registration requirement is a serious direct consequence of Appellant's plea. However, in the absence of evidence in the record that Appellant was misled or harmed by the trial court's lack of an admonishment, or any claim that his pleas were involuntary as a result of the failure to admonish, we conclude the trial court's failure to admonish Appellant regarding the registration requirement did not render his plea involuntary or violate due process. *See Mitschke*, 129 S.W.3d at 136; *Alvarez*, 63 S.W.3d at 583; *Thompson*, 59 S.W.3d at 806-07; *Ducker*, 45 S.W.3d at 793-96; *see also Lopez*, 71 S.W.3d at 516. By the standard of Rule of Appellate Procedure 44.2(b), the trial court's error in failing to admonish Appellant as to the direct, non-punitive requirement that he would be obligated to register as a sex offender was harmless. Appellant's first issue is overruled.

## Failure to Admonish – Consecutive Sentences

In his next issue, Appellant contends that while the trial court had the authority to order consecutive sentences, it erred by failing to admonish Appellant regarding the potential for consecutive sentences thereby rendering the plea involuntary requiring reversal of the sentence imposed. The State counters that a trial court is not required to warn a defendant that it has the authority to impose consecutive sentences because consecutive sentences are a collateral rather than a direct, punitive consequence of a guilty plea.

Section 3.03(b)(2)(A) of the Texas Penal Code authorizes a trial court to impose consecutive sentences where a defendant is convicted of multiple sex crimes arising from the same criminal episode. TEX.PENAL CODE ANN. § 3.03(b)(2)(A)(West Supp. 2011). Here, the trial court elected to run the sentences imposed as to Counts One, Two, Three, and Four of the Indictment concurrent to one another, and the sentence imposed as to Count Six of the Indictment

8

consecutive to the sentences imposed in the first four counts. It is undisputed that the trial court had the discretion to do so. The question is whether the trial court's failure to admonish Appellant that it had the authority to impose consecutive or cumulative sentences rendered Appellant's pleas involuntary.[4]

It is a violation of due process for a trial court to accept a guilty plea without an affirmative showing that the guilty plea was "intelligent and voluntary." *Aguirre-Mata v. State*, 125 S.W.3d 473, 474 (Tex.Crim.App. 2003)(en banc), *quoting Boykin v. Alabama*, 395 U.S. 238, 240-42, 89 S.Ct. 1709, 1711-12, 23 L.Ed.3d 274 (1969). If a defendant is fully aware of the direct consequences of his plea, it is generally considered voluntary. *Mitschke*, 129 S.W.3d at 136; *Jimenez,* 987 S.W.2d at 888. Direct consequences are those that are "definite and largely or completely automatic," and a trial court is only obligated to advise a defendant of "direct consequences that are punitive in nature or specifically enunciated in the law." *McGrew v. State*, 286 S.W.3d 387, 391 (Tex.App.--Corpus Christi 2008, no pet.), *quoting Mitschke,* 129 S.W.3d at 136. A collateral consequence is one that lies within the discretion of the court whether to impose it. *Mitschke*, 129 S.W.3d at 134; *McGrew*, 286 S.W.3d 391. A plea will not be rendered involuntary by lack of knowledge about a collateral consequence. *See Jimenez*, 987 S.W.2d at 888.

As the Corpus Christi Court of Appeals noted in *McGrew*, the Court of Criminal Appeals has not yet addressed whether the failure to admonish a defendant about the possibility that the sentences may be imposed consecutively violates due process and renders a guilty plea

---

[4] The trial court, on at least three occasions, admonished Appellant that he was subject to a punishment range of "as little as two years, probated, up to 20 years in the penitentiary and a $10,000 fine."

9

involuntary. However, a number of federal circuits have held that the imposition of consecutive sentences is a collateral consequence of a guilty plea, and the failure to admonish a defendant of that possibility does not render a guilty plea involuntary in violation of a defendant's due process rights. *See Wilson v. McGinnis,* 413 F.3d 196, 199 (2nd Cir. 2005); *United States v. Hurlich*, 293 F.3d 1223, 1231 (10th Cir. 2002); *United States v. Hernandez,* 234 F.3d 252, 256 (5th Cir. 2000); *United States v. Ferguson,* 918 F.2d 627, 631 (6th Cir. 1990); *United States v. Wills,* 881 F.2d 823, 827 (9th Cir. 1989); *United States v. Ray,* 828 F.2d 399, 417-19 & n.19 (7th Cir. 1987).

Moreover, our sister court has also held that the imposition of consecutive sentences is a collateral consequence of a guilty plea and a plea is not rendered involuntary by a trial court's failure to warn of such a possibility. *See McGrew v. State*, 286 S.W.3d 387, 391 (Tex.App.--Corpus Christi 2008, no pet.). *See also Johnson v. State*, 2011 WL 5282675 at *5 (Tex.App.--Corpus Christi Nov. 3, 2011, pet. ref'd)(not designated for publication)(memo opin.); *O'Bryan v. State*, 2011 WL 1441892 at*2-*3 (Tex.App.--Corpus Christi April 14, 2011, no pet.)(not designated for publication)(memo opin.).

We agree and today hold that the imposition of consecutive sentences is not a direct consequence of a guilty plea, and a plea is not rendered involuntary by a trial court's failure to admonish a defendant of the possibility of consecutive sentences. Trial courts have substantial discretion to order concurrent or consecutive sentences, and the imposition of consecutive sentences is not definite and largely or completely automatic. *See McGrew,* 286 S.W.3d at 391. Because the imposition of consecutive sentences in this case was a collateral consequence of the pleas entered by Appellant, he has failed to establish that his plea was involuntary due to the trial

10

court's failure to warn of that consequence.[5]   Issue Two is overruled.

## Double Jeopardy

In his third and final issue, Appellant argues that his offense of indecency with a child by contact (Count Six) is barred by the double jeopardy provisions of the United States and Texas Constitutions,[6] for the reason that the penetration referenced in Counts One through Four required the contact referenced in Count Six.   In other words, Appellant claims that indecency with a child by contact is a lesser included offense of sexual assault in this case.   The State responds that Appellant did not preserve his claim for review because he did not lodge an objection on double jeopardy grounds prior to entering his pleas of guilty, and even if he did preserve his claim, indecency with a child by contact is not a lesser included offense of sexual assault in this case.

The Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against both successive punishments and successive prosecutions for the same offense. *United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556 (1993).[7] Greater inclusive and lesser included offenses can be the same offense for jeopardy purposes. *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977); *Parrish v. State*, 869 S.W.2d 352, 354 (Tex.Crim.App. 1994).   The protections against double jeopardy are

---

[5] There is some evidence in the record that Appellant did understand that the possibility of consecutive sentences existed when he inquired of the Court:

> Defendant:  Thank you.   If they do – if I do plead guilty, which charge do I plead guilty to?
> .                      .                      .
> The Court:  All right.   There's your answer.   You'll be entering a plea to all seven of the counts.
> Defendant:  And it's – it's – each – each count carries a charge of two to 20?
> The Court:  Yes, sir.

[6] U.S. Constitution Amendments V and XIV; Texas Constitution Article I, section 14.

[7] The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."   U.S. CONST. Amend. V.

11

fundamental in nature; therefore, an appellant may generally raise the issue for the first time on appeal without regard to preservation of error. *See Gonzalez v. State,* 8 S.W.3d 640, 643-644 (Tex.Crim.App. 2000). However, in order to do so, the double jeopardy violation must be apparent on the face of the record, and enforcement of the usual rules of procedural default would serve no legitimate state interests. *Id.*

Where the evidence shows that the defendant committed only one act that could be used to prove both a greater inclusive and a lesser included offense, the defendant cannot be convicted of both offenses. *Ochoa v. State,* 982 S.W.2d 904, 908 (Tex.Crim.App. 1998).

Indecency with a child by contact can be a lesser included offense of aggravated sexual assault of a child if the same act is used to prove both the touching and the penetration. *Id.; DeMoss v. State,* 12 S.W.3d 553, 561 (Tex.App.--San Antonio 1999, pet. ref'd); *Hutchins v. State,* 992 S.W.2d 629, 632 (Tex.App.--Austin 1999, pet. ref'd, untimely filed).

Here, because indecency with a child by contact *can* be a lesser included offense of sexual assault, we choose to address Appellant's argument.

The record shows that Appellant was charged with violating seven different statutory provisions on November 10, 2010. Four counts of sexual assault of a child younger than the age of 17[8], and three counts of indecency with a child younger than 17 years of age by contact.[9] Appellant pled guilty to the four counts of sexual assault alleged in Counts One, Two, Three, and

---

[8] *See* TEX.PENAL CODE ANN. § 22.011 (West 2011).

[9] *See* TEX.PENAL CODE ANN. § 21.11 (West 2011).

12

Four, and to one count of indecency by contact as alleged in Count Six of the Indictment.[10]   Count

One alleged that Appellant penetrated Venuezla's sexual organ with his penis.   Count Two

alleged that Appellant penetrated Venuezla's sexual organ with his finger.   Count Three alleged

that Appellant penetrated Venuezla's sexual organ with his tongue.   Count Four alleged that

Appellant penetrated Venuezla's mouth with his penis.   Count Six alleged that Appellant, with

the intent to gratify his own sexual desire, touched the breast of a child younger than 17 years of

age (Venuezla).

The sexual assault offenses required proof that Appellant intentionally or knowingly

caused the penetration of:   Venuezla's female sexual organ by Appellant's penis (Count One);

Venuezla's female sexual organ by Appellant's finger (Count Two); Venuezla's female sexual

organ by Appellant's tongue (Count Three); and Venuezla's mouth by Appellant's penis (Count

Four); and that Venuezla was a child under 17 and was not Appellant's spouse.   *See* TEX.PENAL

CODE ANN. § 22.011 (West 2011).

The indecency offenses required proof of the following facts:   that Appellant engaged in

sexual contact with Venuezla by touching her genitals (Count Five) and breast (Count Six) and by

causing Venuezla to touch Appellant's genitals (Count Seven) with intent to arouse or gratify the

sexual desire of Appellant, and that Venuezla was a child under 17 and not Appellant's spouse.

*See* TEX.PENAL CODE ANN. § 21.11.

In its motion to dismiss, the State conceded that Counts Five and Seven were in fact lesser

---

[10] On motion of the State, the trial court dismissed Counts Five and Seven of the Indictment on December 3, 2010. Count Five alleged that Appellant, with the intent to arouse or gratify his own sexual desire engaged in sexual contact with Venuezla, a child younger than 17 years of age, by touching her genitals.   Count Seven alleged that that Appellant, with the intent to arouse or gratify his own sexual desire engaged in sexual contact with Venuezla, a child younger than 17 years of age, by causing her to touch the genitals of Appellant.

included offenses of the sexual assault offenses contained in Counts One, Two, Three, and Four of the Indictment inasmuch as the elements of those sexual assault offenses required the same proof for the indecency with a child by contact offenses. However, the allegations in Count Six of the Indictment do not allege any penetration. Rather, the contact alleged is that Appellant touched Venuezla's breast with the intent to arouse or gratify his own sexual desire.

We conclude that, under the facts presented in this case, indecency with a child by contact was not a lesser included offense of the sexual assault offenses and that Appellant's double jeopardy rights were not violated by his prosecution for the sexual assault offenses (Counts One, Two, Three, and Four) and the offense of indecency with a child by contact (Count Six). In this case, indecency with a child by contact is a separate and distinct offense, which required proof of Appellant having touched Venuezla's breast apart from the sexual assault offenses all of which involved the penetration of Venuezla's female sexual organ or mouth. *See Lopez v. State,* 108 S.W.3d 293, 300 n.28 (Tex.Crim.App. 2003)(noting that actor can be prosecuted for separate violations of sexual assault statute based on different acts that occur in same transaction). Accordingly, Appellant's third issue is overruled.

### Conclusion

Having overruled each of Appellant's issues, the judgment of the trial court is affirmed.

March 21, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)

14